# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MARCUS M. ALLEN,

   Plaintiff,

v.                                         Civil Action No.: SAG-23-999

TUNECORE, *et al*.,

   Defendants.

## MEMORANDUM

On April 12, 2023, Plaintiff Marcus M. Allen, currently confined at Western Correctional Institution ("WCI"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. However, for the reasons that follow, Allen's Complaint cannot proceed as to several named Defendants. He will be afforded an opportunity to amend his Complaint to correct the deficiencies noted.

The Court is required to screen Allen's Complaint before it may proceed, and must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    I.    Complaint Allegations

Allen names thirteen individual defendants in his Complaint: Tunecore, Dennis Ladegaillerie (the owner of Tunecore), DistroKid, Amazon, Google Music, Apple Music, Universal Records, the Secretary of the Maryland Department of Public Safety and Correctional

Services ("DPSCS"), Shane Weber (Warden of WCI), Bethany Cornachia (Warden of Maryland Correctional Training Center ("MCTC")), DPSCS, WCI, and MCTC. *Id.* at 2-5. Allen's Complaint alleges "his mixtape," titled "Back 2 Business," has been for sale online without his knowledge since 2016. *Id.* at 5. He alleges that the material is copyrighted but has been sold without his knowledge or consent by Defendants Tunecore, Ladegaillerie, DistroKid, Amazon, Google Music, Apple Music, and Universal Records. *Id.* He states that Back 2 Business is popular globally, and he has been deprived millions of dollars in revenue from the sale of his work without his knowledge. *Id.*

He further states that "[d]ue to the knowledge of this Plaintiff, and the mix-tape Back 2 Business's popularity," defendants DPSCS, WCI, MCTC, Weber, Cornachia, and the Secretary of DPSCS have "conspired to abuse, threatened, and allowed Plaintiff to be harmed both physically and mentally." *Id.* at 5-6. He states that he attempted to file an Administrative Remedy Procedure ("ARP"), for which Defendants retaliated against him by "abusing him physically, transferring him and punishing him for utilizing the ARP process constructively." *Id.* at 6. He provides no additional details regarding these claims.

Finally, he concludes that "once DPSCS and its defendants/employees and entities learned just who Plaintiff is" they conspired with the "defendants in the music business so they could 'keep it quiet' and 'under control' while stealing not only the millions of dollars in the sales of Back to Business but also the deflamation [sic] of Plaintiff's character, future income, and high status within the music business." *Id.*

Finally, he adds a seemingly unrelated claim that while he was incarcerated at MCTC, two officers, who are not named as Defendants, "kidnapped Plaintiff's family and forced them to

MCTC." *Id.* No additional details are provided. As relief, he seeks hundreds of millions of dollars. *Id.* at 7.

II. Failure to State a Claim

Here, Allen's Complaint, even construed liberally, cannot provide any basis for relief against Defendants Tunecore, Ladegaillerie, DistroKid, Amazon, Google Music, Apple Music, Universal Records, MCTC, WCI, or DPSCS.

First, at its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 181 (4th Cir. 2009) ("[P]rivate activity will generally not

be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient.") (citations and internal quotation marks omitted).

Defendants Tunecore, Ladegaillerie, DistroKid, Amazon, Google Music, Apple Music, and Universal Records are private citizens or private entities who were not acting under color of law when they allegedly distributed Allen's music without his knowledge. As such, all claims as to these Defendants are dismissed.

Next, a number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and WCI and MCTC are not people within the meaning of the statute. All claims against these defendants are dismissed.

Finally, under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments, such as DPSCS, are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by

4

the Eleventh Amendment." *Id*., citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Thus, Allen's complaint against DPSCS, a State agency, is barred by the Eleventh Amendment.

    III.    Amendment

Remaining are Defendants Weber, Cornachia, and the Secretary of DPSCS. Allen alleges, very generally, that these defendants "conspired to abuse, threatened, and allowed Plaintiff to be harmed both physically and mentally." ECF No. 1 at 5-6. He alleges that these Defendants retaliated against him by "abusing him physically, transferring him and punishing him for utilizing the ARP process constructively." *Id.* at 6. No additional factual details are provided about the actions that these Defendants took which deprived Allen of his constitutional rights, nor does he state how he was injured by those actions.

Because Allen proceeds *pro se*, he will be afforded an opportunity to amend the Complaint to add concise facts supporting his allegations. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). In amending his Complaint, Allen should explain how each of the named defendants were *personally* involved in the alleged misconduct by identifying how their actions or inactions violated his federal rights. Further, Allen should detail the harm he suffered because of the actions or inactions of each defendant. Allen should also include any additional factual details which support his claims. Allen is reminded to focus his Amended Complaint on the Defendants who

have not been dismissed from this suit: Weber, Cornachia, and the Secretary of DPSCS, and any actions undertaken by these Defendants that he feels violated his federal rights.

In amending his Complaint, Allen is reminded that Section 1983 requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). In other words, there is no respondeat superior liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Any proposed amended complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. Proc. 10(a).

Allen is reminded that the amended complaint will replace the current Complaint. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Accordingly, Allen must include all allegations against each of the defendants he names so that the amended complaint stands alone as the sole complaint in this case.

Last, Allen is warned that failure to file an amended complaint consistent with this Order may result in the dismissal of the case with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). If Allen, while incarcerated, has three such actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

IV. Motion to Appoint Counsel

Allen has also filed a Motion to Appoint Counsel. ECF No. 3. In support thereof, he states that he cannot afford a lawyer, he has limited knowledge of the law, his ability to litigate will be hampered by his incarceration, and counsel would be better equipped to present the complex issues in this case. *Id.* at 1. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Upon careful consideration of the motion, the Court does not find that exceptional circumstances exist which would justify the appointment of counsel at this time. This is especially so because, as outlined above, Allen's Complaint cannot move forward without amendment. Therefore, at this early stage of the proceedings, it is premature to appoint counsel. Additionally, it cannot yet be determined if a hearing or discovery will be necessary to the disposition of this case. Thus, having found no exceptional circumstances warranting appointment of counsel, the motion shall be denied without prejudice.

V.   Conclusion

All claims against Defendants Tunecore, Ladegaillerie, DistroKid, Amazon, Google Music, Apple Music, Universal Records, MCTC, WCI, and DPSCS are dismissed, and these Defendants are dismissed from this action. Allen is afforded an opportunity to amend his claims as to defendants Weber, Cornachia, and Secretary of DPSCS within twenty-eight days of the date of this Order. Allen's Motion to Appoint Counsel (ECF No. 3) is denied.

A separate Order follows.


Dated:  April 20, 2023                      _____/s/_____
                                            Stephanie A. Gallagher
                                            United States District Judge