IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCUS ALLEN,

   Plaintiff,

v.

JOHN/JANE DOE

   Defendants.

Civil Action No.: SAG-24-339

**MEMORANDUM**

Plaintiff Marcus Allen filed a document in the Southern District of New York which was construed as a civil complaint filed pursuant to 42 U.S.C. § 1983. ECF No. 1. That Court transferred the case to the District of Maryland. ECF No. 2. Allen has not paid the Court's filing fee, nor has he filed a Motion for Leave to Proceed in Forma Pauperis seeking its waiver.[1] For the reasons that follow, the case will be dismissed, so he will not be required to correct the oversight.

    I.    Allegations

The Complaint is styled as a letter to Christopher Wray, the director of the Federal Bureau of Investigation. ECF No. 1 at 1. Allen includes a second letter "in regards to [his] criminal and civil case [he] filed with the Maryland District Court . . . 1:23-CV-00999-SAG." *Id*. at 3. He states that he is "refiling [his] complaint in a more specific manner." *Id.* Here, Allen raises virtually the same arguments raised in that previous filing. *See Allen v. Tunecore, et al.*, Civil Action No. SAG-23-999.

Here, as in his previous case, he again alleges that his entire family was "conspired and abducted for sacrificial purposes." ECF No. 1 at 5. He vaguely alleges that his family was "placed

---

[1] Allen includes a page titled "Declaration in Support of Motion" in support of his request to proceed in forma pauperis (*see* ECF No. 1 at 8), but he did not file any such motion or request.

in the kitchen basement of a prison" and was ultimately "released as prisoner or prisoners sex slaves." *Id.* He states that this was "a regular family being intimidated by known gangsters." *Id.* He also again alleges that he is a well-known rapper, and "once DPSCS and its defendants/employees and entities learned that [he] was to come home and have one of the biggest illuminati deals (superman deal) this led to a further conspiracy" of robbing him of millions of dollars from the "sale of his globally known album…" *Id.* He also alleges that he is supposed "to represent the President of the United States Joe Biden" by assisting him with "strategic electoral moves." *Id.* When that information "was leaked by Republicans," Allen alleges that caused "chaos" and "a mass shooting in upstate NY." *Id.* He alleges that he was transferred to a different prison that was a "gladiator school and a dog-eat-dog environment" where he was "poisoned through Gallikers milk" and "purchased a knife knowing what administration was up to." *Id.* at 6. He concludes that all this amounts to "cruel punishment knowing Plaintiff Marcus M. Allen was just minimum states ready to go home and be Universals next top artist, he was transferred to a higher security institution WCI to finish the job," which cost him his opportunity for parole. *Id.*

    II.    Analysis

At the outset, the Court notes that it disagrees with the Southern District of New York regarding its characterization of this filing as a civil Complaint. Allen does not specifically name any Defendants or identify any clear claims. Instead, as briefly detailed above, he includes a string of seemingly unrelated facts styled in the form of letters. Allen frequently includes and references his previous case number. As best this Court can tell, the facts identified in this filing are virtually the same as those outlined in his previous case. *See* SAG-23-999. Therefore, this Court thinks this letter is more appropriately construed as a Motion for Reconsideration of Allen's previously dismissed Complaint, rather than a new civil Complaint.

2

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed <u>no later than 28 days</u> after the entry of the judgment." (emphasis added). Allen's motion was filed over six months after this case was closed, thus reconsideration is unavailable pursuant to rule 59(e) of the Federal Rules of Civil Procedure.

Alternatively, a motion seeking relief from a final judgment pursuant to Rule 60(b) may be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that has been reversed; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

To be entitled to relief under Rule 60(b), the movant must demonstrate the existence of a meritorious claim or defense. *See Compton v. Alton Steamship Co.*, 608 F. 2d 96, 102 (4th Cir. 1979). It is within this court's discretion to grant or deny a motion filed pursuant to Rule 60(b). *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993). However, "where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion "is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995).

Here, Allen puts forth no information that would entitle him to reconsideration of the Court's previous Order. The information put forth here is virtually identical to that which Allen put forth in his previous case, and Allen has provided no additional information that would justify reconsideration of the Court's prior dismissal. Allen cannot continue to file his claims in different, improper courts, such as, in this instance, the Southern District of New York, expecting a different outcome. There is no basis under Federal Rule of Civil Procedure Rule 60(b) to alter the Court's May 11, 2023, order in case number SAG-23-999. That case remains dismissed, and this matter shall be dismissed as well.

To the extent Allen intended this to be a new filing, it similarly fails. The Court is required to screen Allen's Complaint for sufficiency before it may proceed. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, Allen's Complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant

allegedly responsible for the wrongdoing. *See* Fed. R. Civ. Proc. 10(a). Allen has not identified any individual Defendants, nor has he identified any clear claims.

Further, a Complaint that is totally implausible or frivolous, such as this, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). The allegations asserted by Allen appear to be the product of fantasy or delusional thinking that cannot be addressed by this Court. Allen has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf, and as such, his claims must be dismissed.

A separate Order follows.

March 20, 2024  /s/
Date  Stephanie A. Gallagher
  United States District Judge